Granovsky & Sundaresh PLLC
Alexander Granovsky (AG-6962)
Benjamin Rudolph Delson (BRD-1724)
48 Wall Street
New York, NY 10005
ag@g-s-law.com
delson@g-s-law.com
646-524-6001

Attorneys for Plaintiffs Leo Castillo
and Rafael Grullon

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

—————————————————————
LEO CASTILLO and RAFAEL GRULLLON,    :
on behalf of themselves and all other    :
persons similarly situated,    :
    :    Civil Action No.:
    :
    Plaintiffs,    :
    :
    v.    :    **COLLECTIVE AND CLASS**
    :    **ACTION COMPLAINT and**
    :    **JURY DEMAND**
CVR ASSOCIATES, Inc.,    :
    :
    Defendant.    :
—————————————————————:

    Plaintiffs Leo Castillo and Rafael Grullon, on behalf of themselves and all

others similarly situated, upon personal knowledge as to themselves and upon

information and belief as to other matters, by their attorneys, GRANOVSKY &

SUNDARESH PLLC, as and for their Complaint against Defendant CVR

Associates, Inc., allege as follows:

<u>**NATURE OF ACTION**</u>

1.    Plaintiffs, on behalf of themselves and all other similarly situated

employees and former employees of Defendant, bring this lawsuit seeking

recovery against Defendant for Defendant's violation of the Fair Labor

Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et. seq. and allege that they and all others who elect to opt into this action pursuant to the collective action provision of 29 U.S.C. § 216(b), are entitled to recover from Defendant: (1) unpaid wages for work performed for which they received no compensation at all; (2) unpaid wages for overtime work for which they did not receive overtime premium pay, (3) liquidated damages, and (4) attorneys' fees and costs.

2.     Plaintiffs also bring this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated former employees of Defendant, seeking recovery against Defendant for Defendant's violation of the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively, "NYLL"), and allege that they are entitled to recover from Defendant: (1) unpaid wages for work performed for which they received no compensation at all; (2) unpaid wages for overtime work for which they did not receive overtime premium pay; (3) reimbursement for Defendant's violations of the Wage Theft Prevention Act in refusing to reimburse Plaintiffs' business expenses; (4) liquidated damages; (5) statutory penalties; and (6) attorneys' fees and costs.

3.     Plaintiffs also bring this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all other similarly situated former employees of Defendant, seeking recovery against Defendant for Defendant's violation failure to pay Plaintiffs weekly for the

manual work they performed, and were routinely at least one week late in compensating Plaintiffs for the manual work they performed, in violation of NYLL §191(a)(1).

4.     Plaintiffs and others similarly situated have been employed or are employed as building inspectors working for Defendant throughout the state of New York.

5.     As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL with respect to Plaintiffs and others similarly situated.   This policy and pattern or practice includes but is not limited to:

> A.     willfully failing to pay Plaintiffs and others similarly situated any compensation at all for certain hours worked, including failing to pay Plaintiffs and others similarly situated when they worked through their lunch breaks;
>
> B.     willfully failing to pay Plaintiffs and others similarly situated overtime wages for all hours that they worked in excess of 40 hours per workweek;
>
> C.     willfully failing to pay Plaintiffs and others similarly situated in a timely manner;
>
> D.     willfully withholding wages from Plaintiffs and others similarly situated; and

E.    willfully failing to accurately record all of the time Plaintiffs and others similarly situated have worked for the benefit of Defendant.

6.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331, 1367, and 2201.

8.    This Court has subject matter jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims herein occurred in this District.

10.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### Defendant

11.    Defendant CVR Associates, Inc. ("Defendant" or the "Company") is a Florida corporation, headquartered in Tampa, Florida, with an office in White Plains, New York.

12.    The Company describes itself on its website as offering solutions for the "affordable housing industry," through use of its "experienced, high-performing team."

13.     Upon information and belief, at all times relevant to this Complaint, the Company, as part of its regular business operations, employed home inspectors to perform home inspections at its customer's locations throughout the country.

14.     Upon information and belief, at all times relevant to this Complaint, the Company's annual gross volume of sales made or business done was not less than $500,000.00.

15.     At all times relevant to this Complaint, the Company was and is an "enterprise engaged in commerce" under the FLSA, 29 U.S.C. § 201 et. seq., and was and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and the NYLL.

16.     Upon information and belief, at all relevant times, the Company has used goods produced in interstate commerce.

17.     Upon information and belief, the Company constitutes an "enterprise" as defined by the FLSA.

18.     The Company caused the violations set forth in this Complaint.

**Plaintiffs**

*Leo Castillo*

19.     Plaintiff LEO CASTILLO ("Castillo") is and was, at all relevant times an adult individual residing in Hudson County, New Jersey.

20.     At all relevant times, the work performed by Castillo and similarly situated employees was to the benefit of the business operated by Defendant.

21.    At all relevant times, Castillo and similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

22.    A written consent form for Plaintiff Leo Castillo is attached as **Exhibit A** to this Collective Action Complaint.

### *Rafael Grullon*

23.    Plaintiff RAFAEL GRULLON ("Grullon") is and was, at all relevant times an adult individual residing in Norwalk, Connecticut.

24.    At all relevant times, the work performed by Grullon and similarly situated employees was to the benefit of the business operated by Defendant.

25.    At all relevant times, Grullon and similarly situated employees worked in interstate commerce as to fall within the protections of the Act.

26.    A written consent form for Plaintiff Rafael Grullon is attached as **Exhibit B** to this Collective Action Complaint.

### *The Collective Action Plaintiffs and the Class Action Plaintiffs.*

27.    This Complaint refers to Castillo and Grullon together as "Plaintiffs."

28.    Plaintiffs bring this action as an opt-in collective action pursuant to Section 216(b) of the FLSA on behalf of themselves and all other individuals employed by Defendant in New York as home inspectors within three years of the date of this Complaint (the "Collective Action Plaintiffs")

29.    Plaintiffs also bring this action as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other individuals employed by Defendant in New York as home inspectors

within six years of the date this Complaint was filed (the "Class Action Plaintiffs").

30.     Castillo and Grullon, the Collective Action Plaintiffs and the Class Action Plaintiffs are all current or former employees of Defendant, who were employed as home inspectors, within the meaning of the FLSA and the NYLL.

## STATEMENT OF FACTS

### *Facts Common to Both Plaintiffs*

31.     Plaintiffs were home inspectors employed by Defendant.

32.     Defendant never provided Plaintiffs with an employment agreement or any written record, documenting their salary, frequency of pay, and/or hourly rate of pay.

33.     Rather, each Plaintiffs' rate of pay was communicated to him verbally.

34.     Plaintiffs' duties consisted primarily of traveling from property to property, as assigned by Defendant, and to go through each property to make sure that each property was up to code, and, if it was not, to document any code violations.  Plaintiffs were also required to address any complaints of occupants of the buildings they inspected.

35.     Plaintiffs' work was primarily manual in nature and required them to physically assess, inspect, and sometimes repair various aspects of the properties to which they were assigned.

36.     More than 25% of Plaintiffs' working time was spent engaged in physical labor, including going through various properties to inspect for safety and maintenance issues.   When not engaged in an actual home inspection,

Plaintiffs were engaged in driving their personal vehicles between Defendant's customers' properties.

37. At all relevant times herein, Plaintiffs were employed as a manual workers as defined by the NYLL and its implementing regulations.

38. Plaintiffs were paid every other week.

39. Other records concerning the number of hours worked by Plaintiffs, as well as the compensation Plaintiffs received during the FLSA Collective Action Period or the Class Period, including GPS tracking information and payroll journals, are or should be in the possession and control of Defendant.

40. Plaintiffs expect that those records will further confirm that Plaintiffs received no compensation for certain hours, including hours worked over 40 during the FLSA Collective Action Period and/or the Class Period (as defined below).

41. Upon information and belief, the Collective Action Plaintiffs and the Class Action Plaintiffs were/are paid in a similar manner as Plaintiffs.

42. Defendant willfully failed to pay the Plaintiffs, Collective Action Plaintiffs and the Class Action Plaintiffs for hours worked, in violation of the FLSA, the NYLL and regulations promulgated thereunder.

43. Specifically, Plaintiffs, the Collective Action Plaintiffs and the Class Action Plaintiffs regularly worked through their lunch periods, but were not paid for that time. Rather, Defendant required Plaintiffs and the Collective Action Plaintiffs to clock out for lunch breaks that were not taken.

44.    Upon information and belief, Defendant were aware of the fact that Plaintiffs, the Collective Action Plaintiffs and the Class Action Plaintiffs regularly worked through their lunch periods.

45.    Plaintiffs', the Collective Action Plaintiffs' and the Class Action Plaintiffs' work was performed in the normal course of Defendant' business and was integrated into the business of Defendant, and did not involve executive or administrative responsibilities.

46.    Plaintiffs, the Collective Action Plaintiffs and the Class Action Plaintiffs did not have the power to hire or fire employees or to set wages or schedules.

47.    Defendant had the power to hire and fire Plaintiffs, the Collective Action Plaintiffs and the Class Action Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their services.

48.    At all relevant times herein, Plaintiffs, the Collective Action Plaintiffs and the Class Action Plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA, the NYLL and their respective implementing regulations.

49.    Throughout Plaintiffs', the Collective Action Plaintiffs' and the Class Action Plaintiffs' employment, and upon information and belief until the commencement of this action, Defendant failed to maintain accurate and sufficient time records.

50.    Defendant has willfully and repeatedly violated the record keeping requirements of the FLSA and the NYLL, in that Defendant failed to make,

keep, and preserve adequate and accurate records of its employees and of the wages, hours, and other conditions of employment which they were required to maintain. Specifically, Defendant failed to make, keep, and preserve accurate records of wages paid with respect to Plaintiffs and, on information and belief, the Collective Action Plaintiffs and the Class Action Plaintiffs; and, on information and belief, any records Defendant did keep failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the total earnings for each workweek, and/or the total overtime compensation for each workweek with respect to Plaintiffs, the Collective Action Plaintiffs and the Class Action Plaintiffs.

51.    At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiffs, the Collective Action Plaintiffs and the Class Action Plaintiffs, performed services and labor for Defendant for which Defendant made no provision to pay Plaintiffs, the Collective Action Plaintiffs and the Class Action Plaintiffs compensation to which they were lawfully entitled for all of the hours worked in excess of 40 within a work week.

52.    Upon information and belief, the Collective Action Plaintiffs have worked in excess of forty hours per week, yet Defendant have failed to pay them overtime compensation of one-and-one-half their regular hourly rate in violation of the FLSA and the NYLL.

53.    Defendant have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

### *Plaintiff Leo Castillo*

54.    Castillo was hired by Defendant to work as a Home Inspector working mainly in New York State.

55.    Castillo's start date was June 2016 and he continued working for the Defendant until July 2022.

56.    When hired, Castillo was paid at a rate of pay of approximately $20 per hour.

57.    Defendant never provided Castillo with any Employment Agreement nor, for that matter, any written record documenting his salary and/or hourly rate of pay at all.

58.    Castillo reported directly to Courtney Cameron, his direct manager. Castillo did not supervise any staff.

59.    At all times relevant herein, Castillo was a non-exempt employee under the FLSA and NYLL and was entitled to receive overtime pay.

60.    Castillo's duties consisted primarily of traveling from property to property, to then go through each property to make sure that each property was up to code, and, if it was not, to document and code violations.  Castillo was also required to address any complaints of the occupants of the buildings he inspected.

61.    Castillo routinely worked on average 50 hours per workweek on behalf of Defendant.  Castillo would travel to various properties throughout Westchester

County and all five boroughs of New York City to inspect various Section 8 housing properties for compliance with various housing codes. Castillo was required to visit several properties each day, and this would sometimes require extensive and time-consuming travel.

62. Defendant provided Castillo with a cell phone with an application installed meant to track his movement via GPS. Castillo would keep the Company phone on and in his car throughout each workday for Defendant.

63. Despite the start and stop times reported by the application and by Mr. Castillo, Defendant would often reduce Castillo's hours (and, therefore, his pay) based, upon information and belief, on *ad hoc* determinations that a given stop, or travel to a given stop, would take Castillo too long.

64. Upon information and belief, although Defendant was supposed to pay Castillo based on information from the application, the application would occasionally turn off or otherwise fail to record data ("App Blackout Time"). Defendant would often use such App Blackout Time to justify reductions to Castillo's time/pay.

65. Castillo was required to use his personal vehicle, and was also required to cover the Company's gas, insurance, wear and tear, and traffic ticket expenses. He was merely provided with a stipend in the amount of $200 per month.

66. Other than the $200 monthly stipend, Defendant did not provide Plaintiff with any remuneration for use of his personal vehicle. Defendant did not transport Plaintiff, who is required to travel between Defendant's clients'

residences, nor does it make transportation available. Plaintiff therefore regularly incurred expenses for his travel well beyond $200 per month for travel between Defendant's clients.

67.    For example, on the average day, Plaintiff would drive at least seventy miles, meaning he drove at least 350 miles per week, and 1,400 per month. At the current IRS mileage reimbursement rate of $0.625 per mile, this amounts to $875 per month.

68.    Plaintiff was also responsible for all expenses related to traffic tickets and upkeep on his personal vehicle.

69.    Castillo was required to work through his entire lunch period every day. Despite this, every day half an hour would be subtracted from Castillo's hours worked.

70.    To the extent Castillo was able to eat a lunch during his workday, he would eat while driving between properties for Defendant.

71.    Upon information and belief, in addition to not compensating Castillo for his work during App Blackout Time, Defendant would also make ad hoc deductions to his weekly hours based on his manager's assessment of how long a given inspection (or travel thereto) "should" take.

72.    On the average week, Castillo's hours/pay were reduced by 4-5 hours per week for *ad hoc* reductions, plus another 2.5 hours per week (0.5 hours per day) for a presumed (but not taken) lunch break, for a total weekly deduction of approximately 6.5-7.5 hours per week.

73.     Because Castillo worked, on average, 50 hours per week, the 6.5-7.5 hours per week withheld from his working hours represents time for which he should have been paid at an overtime premium of one- and one-half times his normal rate of pay.

### *Plaintiff Rafael Grullon*

74.     Grullon was hired by Defendant to work as a Home Inspector working mainly in New York State.

75.     Grullon's start date was June 2021.  He continues to be employed by Defendant.

76.     Defendant never provided Grullon with any Employment Agreement nor, for that matter, any written record, documenting his salary and/or hourly rate of pay at all.

77.     Rather, Grullon's salary and rate of pay were verbally communicated to him by the Defendant.

78.     Grullon's duties consist primarily of traveling from property to property, to then go through each property to make sure that each property was up to code, and, if it was not, to document and code violations.  Grullon is also required to address any complaints of the occupants of the buildings he inspects.

79.     When hired, Grullon was paid at a rate of pay of $19 per hour.  His current rate of pay is $23.53.

80.     Grullon initially reported directly to Courtney Cameron, now, he reports to Tom Gray, his current direct manager.  Grullon does not supervise any staff.

81.    At all times relevant herein, Grullon was, and remains, a non-exempt employee under the FLSA and NYLL and was entitled to receive overtime pay.

82.    Grullon routinely works on average 45-50 hours per workweek on behalf of Defendant.  Grullon travel to various properties throughout Westchester County, all five boroughs of New York City, and parts of Northern New Jersey to inspect various Section 8 housing properties for compliance with various housing codes.  Grullon is required to visit several properties each day, and this often requires extensive and time-consuming travel.

83.    Defendant provided Grullon with a cell phone with an application installed meant to track his movement via GPS.  Grullon keeps the Company phone on and in his car throughout each workday for Defendant.

84.    Despite the information on the application, there have been at least two occasions where Defendant made an ad hoc decision that Grullon "took too long" and reduced his hours despite Grullon's and the application's reporting of hours worked.

85.    On those two occasions, Grullon's hours were reduced by his supervisor, Courtney, by 26 hours one week, and 10 another – both because, in Defendant's opinion, he "took too long."

86.    Grullon is required to use his personal vehicle, and to cover the Company's gas, insurance, wear and tear, and traffic ticket expenses.  He is merely provided with a stipend in the amount of $200 per month.

87.    Other than the $200 monthly stipend, Defendant did not provide Plaintiff with any remuneration for use of his personal vehicle.  Defendant did not

transport Plaintiff, who is required to travel between Defendant's clients' residences, nor does it make transportation available.  Plaintiff therefore regularly incurs expenses for his travel well beyond $200 per month for travel between Defendant's clients.

88.  For example, on the average day, Plaintiff drives at least seventy (70) miles, meaning he drives at least 350 miles per week, and 1,400 per month.  At the current IRS mileage reimbursement rate of $0.625 per mile, this amounts to $875 per month.

89.  Plaintiff is also responsible for all expenses related to traffic tickets and upkeep on his personal vehicle.

90.  Grullon is required to work through his entire lunch period every day. Despite this, until very recently, every day half an hour would be subtracted from Grullon's hours worked.

91.  To the extent Grullon was able to eat a lunch during his workday, he would eat while driving between properties for Defendant.

92.  Upon information and belief, in addition to not compensating Grullon for his work during App Blackout Time, Defendant would also make ad hoc deductions to his weekly hours based on his manager's assessment of how long a given inspection (or travel thereto) "should" take.

93.  On the average week, Grullon's hours were reduced by 2.5 hours per week (0.5 hours per day) for a presumed (but not taken) lunch break.

94.  Because Grullon worked, on average, 50 hours per week, the 2.5 hours per week, together with much of the 36 hours arbitrarily withheld from his

working hours represents time for which he should have been paid at an overtime premium of one and one half times his normal rate of pay.

## FLSA COLLECTIVE ACTION ALLEGATIONS

95.   Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in New York State as home inspectors  (the "FLSA Collective Action Plaintiffs") from January 9, 2020 (three years before the filing of the Complaint in this case) to the entry of judgment in this case (the "FLSA Collective Action Period").

96.   At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, are and have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Action Plaintiffs.  Specifically, Plaintiffs and FLSA Collective Action Plaintiffs claim that Defendant willfully violated Plaintiffs' and FLSA Collective Action Plaintiffs' rights.

97.   The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Action Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Action Plaintiffs via first class mail to the last address known to Defendant.

98. The collective action is so numerous that joinder of all Plaintiffs is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently under the sole control of the Defendant, upon information and belief, there are more than ten Plaintiffs of the collective action who worked for Defendant during the FLSA Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

99. Plaintiffs will fairly and adequately protect the interests of the FLSA Collective Action Plaintiffs and have retained counsel that is experienced and competent in the fields of employment law and collective action litigation. Plaintiffs have no interests that are contrary to or in conflict with those Plaintiffs of this collective action.

100. The FLSA Collective Action Plaintiffs are similarly situated to Plaintiffs in that they are or were denied premium overtime pay for hours worked beyond forty hours in a week.

101. They are further similarly situated in that Defendant has or had a policy and practice of knowingly and willfully refusing to pay overtime.

102. They are further similarly situated in that, upon information and belief, Defendant has a policy and practice of failing to provide Plaintiffs with

statutorily required notice of wages or statements of their pay received in part so as to hide Defendant' violations of the wage and hour laws and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

103. They are further similarly situated in that, upon information and belief, Defendant have a policy and practice of willfully disregarding and purposefully evading recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

104. Upon information and belief, these practices by Defendant were done willfully to disguise the actual number of hours Plaintiffs and FLSA Collective Action Plaintiffs worked and to avoid paying Plaintiffs properly for their full hours worked and for overtime due them.

105. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all Plaintiffs is impracticable. Furthermore, inasmuch as the damages suffered by individual FLSA Collective Action Plaintiffs might be relatively small, the expense and burden of individual litigation make it virtually impossible for the FLSA Collective Action Plaintiffs to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

106. Questions of law and fact common to the FLSA Collective Action Plaintiffs predominate over questions that may affect only individual Plaintiffs because Defendant have acted on grounds generally applicable to all Plaintiffs. Among

the common questions of law and fact common to Plaintiffs and the FLSA Collective Action Plaintiffs are:

      a.    whether Defendant employed Plaintiffs and the FLSA Collective Action Plaintiffs within the meaning of the FLSA;

      b.    whether Defendant failed to provide Plaintiffs and the FLSA Collective Action Plaintiffs with a notice of wages explaining each employees' compensation;

      c.    whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the FLSA Collective Action Plaintiffs;

      d.    what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

      e.    whether Defendant failed to pay Plaintiffs and the FLSA Collective Action Plaintiffs wages for all hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

      f.    whether Defendant's violations of the FLSA are willful as that term is used in the context of the FLSA;

      g.    whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

h.     whether Defendant should be enjoined from such violations of the FLSA in the future.

107. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## **CLASS ACTION ALLEGATIONS**

108. Plaintiffs incorporate by reference the facts and allegations of the preceding paragraphs.

109. Defendants imposed uniform terms and conditions on all of their home inspectors. All of the home inspectors were subject to the same illegal pay practices that Castillo and Grullon were subject to.

110. Castillo and Grullon therefore seek to prosecute their NYLL claims both individually and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure on behalf of all similarly situated individuals in the State of New York, that is: all persons who are, or were formerly, employed by Defendant in New York, from six years before the filing of the Complaint in this case to the entry of judgment in this case (the "Class Period"), as home inspectors (the "Class Action Plaintiffs" or the "Class").

111. The members of the proposed Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Although the precise number of such persons is not yet known to Plaintiffs, upon information and belief there are between fifty and one hundred members of the Class.

112.   There are common questions of law and fact affecting the members of the Class, including:

    i.   Whether Plaintiffs and the members of the Class were or were not working such that they were required to be paid for their lunch periods;

    ii.   Whether Plaintiffs and the members of the Class were or were not "manual workers" such that Defendant was required to pay them on a weekly basis under the NYLL;

    iii.   Whether Defendant failed to keep true and accurate records of hours worked by Plaintiffs and the members of the Class;

    iv.   What proof of hours worked is sufficient, where the employer fails in its duty to maintain records of such hours;

    v.   Whether Defendant failed to pay Plaintiffs and the members of the Class for all hours of work;

    vi.   Whether Defendant failed to pay Plaintiffs and members of the Class on a timely basis as required by the NYLL for manual workers;

    vii.   Whether Defendant's violations of NYLL are willful as that term is used in the context of that statutes;

    viii.   Whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees.

113. The requirements of Rule 23(a)(2) are met.

114. Plaintiffs' claims are typical of the claims of the Class as a whole. Plaintiffs and the Class Action Plaintiffs have suffered harm due to Defendants' failure to timely pay them for all hours worked. The requirements of Rule 23(a)(3) are met.

115. Plaintiffs will fairly and adequately protect the interests of the Class Action Plaintiffs: Plaintiffs have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with the Class Action Plaintiffs. The requirements of Rule 23(a)(4) are met.

116. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the Class is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the Class might be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the Class to individually seek redress for the wrongs done to them. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. Certification under Rule 23(b)(3) is appropriate.

117. There will be no difficulty in the management of this action as a class action.

118. Plaintiffs intends to send notice to all members of the proposed Class Action Plaintiffs to the extent required by Rule 23.

## COUNT I
### By Plaintiffs and Collective Action Plaintiffs under the FLSA
### (Failure to Pay Wages Including Overtime Wages)

119.  Plaintiffs, on behalf of themselves and all Collective Action Plaintiffs, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

120.  At all relevant times, Defendant employed Plaintiffs and each of the Collective Action Plaintiffs within the meaning of the FLSA.

121.  At all relevant times, Defendant had a policy and practice of refusing to pay compensation to its employees for all time worked, including failure to pay overtime compensation to their employees for hours worked in excess of forty hours per workweek.

122.  As a result of Defendant' willful failure to compensate their employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, for all time worked at their regular rate of pay, plus at a rate not less than one and one half times their regular rate of pay for work performed in excess of forty hours per workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §201 et. seq..

123.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

124.  Due to Defendant's FLSA violations, Plaintiffs and the Collective Action Plaintiffs are entitled to recover from Defendant their unpaid compensation, and an additional equal amount as liquidated damages, interest, reasonable

attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**COUNT II**
**By Plaintiffs and Class Action Plaintiffs under the New York Labor Law**
**(Failure to Pay Wages Including Overtime)**

125.   Plaintiffs on behalf of themselves and the Class Action Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

126.  At all relevant times, Plaintiffs and the Class Action Plaintiffs were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

127.  Defendant willfully violated Plaintiffs' and the Class Action Plaintiffs' rights by failing to pay Plaintiffs and the Class Action Plaintiffs for all time worked, including overtime compensation at rates not less than one and one half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§650 et. seq. and its supporting regulations in 12 N.Y.C.R.R. §137.

128.  Defendant's failure to pay wages including overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

129.  Due to Defendant's New York Labor Law violations, Plaintiffs and the Class Action Plaintiffs are entitled to recover from Defendant their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §663(1).

**COUNT III**
**By Plaintiffs and the Class Action Plaintiffs under the NYLL**
**(Wage Theft Prevention Act)**

130.  Plaintiffs and the Class Action Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

131.  At all relevant times herein, Plaintiffs and the Class Action Plaintiffs were employed by Defendant within the meaning of NYLL §§2 and 651.

132.  Defendant has willfully violated Plaintiffs' and the Class Action Plaintiffs' rights by failing to provide them with full remuneration for expenses related to travel to and from Defendant's clients in violation of the NYLL.

133.  Defendant only paid Plaintiffs and the Class Action Plaintiffs $200 per month for use of Plaintiffs' personal vehicles, despite the fact that this did not adequately reimburse Plaintiffs' and the Class Action Plaintiffs for their expenses incurred on behalf of Defendant.

134.  Defendant willfully violated Plaintiffs' and the Class Action Plaintiffs' rights by failing to reimburse their expenses in violation of the New York Labor Law §§650 et. seq. and its supporting regulations in 12 N.Y.C.R.R. §137.

135.  Defendant's failure to pay expenses was willful within the meaning of New York Labor Law § 663 and supporting regulations.

136.  Due to Defendant' New York Labor Law violations, Plaintiffs and the Class Action Plaintiffs are entitled to recover from Defendant their unpaid expense reimbursement, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §663(1).

**COUNT IV**
**By Plaintiffs and the Class Action Plaintiffs under the NYLL**
**(NYLL §191 Late Payment of Wages)**

137.  Plaintiffs and the Class Action Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

138.  At all relevant times herein, Plaintiffs and the Class Action Plaintiffs were employed by Defendant within the meaning of NYLL §§2 and 651.

139.  Pursuant to NYLL § 191, "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." NYLL § 191(1)(a)(i).

140.  In violation of the NYLL, Defendant did not pay Plaintiffs and the Class Action Plaintiffs their wages on a weekly basis, nor within seven calendar days after the end of the week in which Plaintiffs earned their wages.

141.  Due to Defendant's New York Labor Law violations, Plaintiffs and the Class Action Plaintiffs are entitled to recover from Defendant their 100% liquidated damages for each untimely payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §663(1).

**COUNT V**
**By Plaintiffs under the NYLL**
**(NYLL §195.1 Wage Notice Violation)**

142.  Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

143.  At all relevant times herein, Plaintiffs were employed by Defendant within the meaning of NYLL §§2 and 651.

144. NYLL §195.1 mandates that each employee employed by Defendant receive for signature a Wage Notice, which as to contain the following information: (i) basis of wage rate, (ii) overtime rate, if subject to overtime, (iii) whether the employer claims allowances against the minimum wage, (iv) the employer's name and any "d/b/a's", (v) the employer's address, and (vi) phone number.

145. Plaintiffs never received and never signed a Wage Notice or any other document that summarily showed the information required by NYLL §195.1.

146. Pursuant to the NYLL Plaintiffs are entitled to recover from Defendant statutory damages in the amount of $5000 each as well as interest, reasonable attorneys' fees, and costs and disbursements of this action.

### COUNT VI
### By Plaintiffs under the NYLL
### (NYLL §195.3 Wage Statement Violation)

147. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

148. At all relevant times herein, Plaintiffs were employed by Defendant within the meaning of NYLL §§2 and 651.

149. Pursuant to NYLL §195.3 and Wage Order §142-3.8, employers must provide an accurate wage statement with each payment of wages. Wage statement must include, inter alia, the total hours worked by each employee as well as dates of work covered.

150. Defendant did not provide Plaintiffs with accurate Wage Statements. Rather, Defendant provided Plaintiffs with wage statements which purposefully

undercounted their hours due to systematic reductions for a presumed lunch, as well as ad-hoc deductions by Plaintiffs' managers.

151. By failing to provide accurate Wage Statements to Plaintiffs, Defendant violated the NYLL.

152. Pursuant to the NYLL Plaintiffs are entitled to recover from Defendant statutory damages in the amount of $5000 each as well as interest, reasonable attorneys' fees, and costs and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Castillo and Grullon, on behalf of themselves and the Collective Action Plaintiffs,  respectfully request that this Court grant the following relief:

(a)    Designation of this action as a collective action on behalf of the Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and appointing Castillo and Grullon and their counsel to represent the Collective Action Plaintiffs;

(b)    Award Castillo and Grullon and the Collective Action Plaintiffs compensatory damages for unpaid wages due to Castillo and Grullon and the Collective Action Plaintiffs under the FLSA;

(c)    Award Castillo and Grullon and the Collective Action Plaintiffs liquidated damages as a result of Defendant's willful failure to pay wages under the FLSA;

(d)     Award Castillo and Grullon and the Collective Action Plaintiffs interest (including pre- and post-judgment interest);

(e)     Award Castillo and Grullon and the Collective Action Plaintiffs their costs of this action, including reasonable attorneys' fees; and

(f)     Such other and further relief as to this Court appears necessary and proper.

**AND WHEREFORE**, Castillo and Grullon, on behalf of themselves and on behalf of the Class Action Plaintiffs, respectfully request that this Court grant the following relief:

(a)     Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Class Action Plaintiffs;

(b)     Appoint Castillo and Grullon Class Representatives and appoint their counsel as Class Counsel;

(c)     Award Castillo and Grullon and the members of the Class Action Plaintiffs compensatory damages for unpaid wages due to the Named Plaintiffs and the Collective Action Plaintiffs under the NYLL;

(d)     Award Castillo and Grullon and the members of the Class Action Plaintiffs liquidated damages as a result of Defendants' willful failure to pay wages under the NYLL;

(e)     Award Castillo and Grullon and members of the Class Action Plaintiffs compensatory damages for untimely paid wages due to Castillo and Grullon and members of the Class Action Plaintiffs.

(e)      Award Castillo and Grullon and the members of the Class Action Plaintiffs interest (including pre- and post-judgment interest);

(f)      Award Castillo and Grullon and the members of the Class Action Plaintiffs their costs of this action, including reasonable attorneys' fees; and

(g)      Such other and further relief as to this Court appears necessary and proper.

**AND WHEREFORE**, Castillo and Grullon, on behalf of themselves, respectfully request that this Court award the Named Plaintiffs $10,000 each pursuant to NYLL §§ 198.1-b & 1-d, as well as their costs of this action, including reasonable attorneys' fees.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:      New York, New York
            January 9, 2023

                              Respectfully Submitted,

                              GRANOVSKY & SUNDARESH PLLC


                              By:   _____
                                    Alexander Granovsky
                                    Benjamin Rudolph Delson
                                    48 Wall Street, 11th Floor
                                    New York, NY 10005
                                    Tel: (646) 524-6001
                                    ag@g-s-law.com
                                    delson@g-s-law.com
                                    *Counsel for Plaintiffs*

*EXHIBIT A*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEO CASTILLO and RAFAEL GRULLLON : on behalf of themselves and all others : persons similarly situated : | |
| : | Civil Action No.: |
| Plaintiffs : | |
| : | |
| v. : | **_LEO CASTILLO CONSENT TO_** |
| : | **_BE A PARTY PLAINTIFF_** |
| CVR ASSOCIATES. : | |
| : | |
| Defendant. : | |
| _____: | |

Leo Castillo states:

1. I am a plaintiff in the above-captioned action. My address is 79W 30th St., Bayonne NJ 07002.
2. Pursuant to 29 USC §216(b), this action asserts claims under the Fair Labor Standards Act ("FLSA"), 29 USC §201 et seq. on behalf of myself and all other employees similarly situated. Pursuant to 29 USC§§2016(b) and 256, I consent to being a party plaintiff in this action and to the filing and prosecution of the above referenced FLSA claims on my behalf and on behalf of all other employees similarly situated.

_____
Leo Castillo

*EXHIBIT B*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEO CASTILLO and RAFAEL GRULLLON on behalf of themselves and all others persons similarly situated | : <br> : <br> : |
| | : Civil Action No.: |
| Plaintiffs | : <br> : |
| v. | : **RAFAEL GRULLON CONSENT TO** <br> : **BE A PARTY PLAINTIFF** |
| CVR ASSOCIATES. | : <br> : |
| Defendant. | : |

Rafael Grullon states:

1. I am a plaintiff in the above-captioned action. My address is 1145 East 226 Drive Apt 2C Bronx, New York 10466.
2. Pursuant to 29 USC §216(b), this action asserts claims under the Fair Labor Standards Act ("FLSA"), 29 USC §201 et seq. on behalf of myself and all other employees similarly situated.  Pursuant to 29 USC§§2016(b) and 256, I consent to being a party plaintiff in this action and to the filing and prosecution of the above referenced FLSA claims on my behalf and on behalf of all other employees similarly situated.

DocuSigned by:

*Rafael Grullon*

1773F820A154422...

Rafael Grullon