

Benjamin Rudolph Delson   delson@g-s-law.com

VIA ECF

Honorable Philip M. Halpern
United States District Court
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

July 14, 2023

RE:   **Castillo et al v. CVR Associates, Inc.**
        7:23-cv-00180

Dear Judge Halpern,

We represent the Plaintiffs in this matter and submit this letter on behalf of all parties. The parties have reached a proposed settlement, including of all claims under the Fair Labor Standards Act ("FLSA"). The parties respectfully request the Court's approval of the proposed settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The named Plaintiffs in t[his action are Edwin Castillo and Miguel Ortiz,] respectively, a former and cu[rrent employee of Defendant CVR Associates, Inc.] They were non-exempt hou[rly employees who worked as housing quality] inspectors in New York, trav[eling between residences in the New York area] and conducting inspections[. Plaintiffs allege that Defendant violated] the FLSA and New York La[bor Law ("NYLL") in numerous ways, inter] *alia*, by: (i) failing to pay th[em overtime premiums for hours over 40] per week, in violation of FL[SA and NYLL; (ii) auto-deducting 30-] minutes "lunch breaks" tha[t Plaintiffs did not actually take and/or] for other hours of straight t[ime compensation they were owed, including] by clocking them out when t[hey were still working and/or while in] transit between inspections[; (iii) failing to reimburse necessary business] expenses in violation of N[YLL; and (iv) failing to pay the additional premium] required for "manual worke[rs" under the NYLL. Plaintiffs filed this] action as a putative collec[tive and class action, but a settlement was]

> Motion granted. Having carefully reviewed the fairness letter as well as the executed proposed settlement agreement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Accordingly, the proposed settlement is hereby approved. The Clerk of Court is respectfully directed to close this case.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>           July 18, 2023

reached before any motion for collective or class certification was filed, and the named Plaintiffs remain the only Plaintiffs in this action.

Defendant vigorously denies any violations of FLSA or NYLL. In particular, Defendant has produced complete time and pay records for both named Plaintiffs and asserts, *inter alia*, that the time records show that CVR never clocked Castillo and Grullon out inappropriately while they were working, and that the pay records establish that CVR always reimbursed vehicle expenses in excess of what was required by NYLL. Defendant also disputes that Castillo and Grullon were "manual workers" entitled to weekly pay under NYLL.

The proposed settlement is attached as **Exhibit 1**. Pursuant to the settlement, the Defendant will pay $22,500 to resolve this matter. Of that gross settlement amount, $402 will reimburse Granovsky & Sundaresh PLLC for costs advanced in litigation, $14,732 will be paid to Mr. Castillo and Mr. Grullon to settle their claims, and $7,366 will be paid to Granovsky & Sundaresh PLLC as attorney's fees.

Pursuant to the settlement, Mr. Castillo and Mr. Grullon will waive only their wage-and-hour claims against Defendants and will not be prohibited from making truthful statements about their experiences litigating this case.

We respectfully submit that the settlement is fair and reasonable under the factors outlined in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Morales v. Fross, Zelnick, Lehrman & Zissu, P.C.*, No. 21-cv-04509, 2021 U.S. Dist. LEXIS 233363, at *1-2 (S.D.N.Y. Dec. 6, 2021) (Halpern, D.J.) (applying *Wolinsky* factors in granting approval to FLSA settlement under *Cheeks*).

***Factor 1: The settlement is within the range of likely recoveries.*** Based on a review of the extensive records produced by the Defendant, Plaintiffs believe the majority of any liability for Defendant under the FLSA or NYLL arises from Plaintiffs' claims for wrongfully deducted lunch breaks.

Plaintiffs calculate that, if the named Plaintiffs could prove that they were improperly clocked out for lunch every day and if they could prove that every improperly deducted hour of pay should have been an overtime hour, then Mr. Castillo's total unpaid wages (exclusive of liquidated damages) would be a maximum of $20,661,69, and Mr. Grullon's would be a maximum of $7,003.23. There is, however, substantial uncertainty about the named Plaintiffs' ability to prove that the deductions occurred daily, or that every deducted hour would have been an overtime hour; in other words, there is substantial uncertainty about the named Plaintiffs' ability to obtain their maximum claimed damages for lunch breach violations.

Plaintiffs also assert that, if they were able to establish that they were "manual workers," then under NYLL they are entitled to liquidated damages for the late payment of wages equal to one half of every biweekly paycheck. However, there is very substantial legal uncertainty about the named Plaintiffs' ability to establish that they were "manual workers" under NYLL, given factual evidence that the majority of their time was spent driving and that the majority of their non-driving time involved tasks that may not have qualified as "manual" under NYLL.

In light of these significant uncertainties, the settlement—which will result in a gross payment to Mr. Castillo of $9,821.34 and to Mr. Grullon of $4,910.66—is within the range of likely recoveries. *Cf. Zorn-Hill v. A2B Taxi LLC,* No. 18-CV-11165 and No. 19-CV-1058, 2020 U.S. Dist. LEXIS 170608, at *10-11 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount that was 12.5% of maximum possible recovery and discussing Second Circuit cases where settlement amounts were as low as 7% of the plaintiff's potential recovery.)

***Factor 2. The settlement will permit the parties to avoid the expenses of litigation:*** If this matter were not to settle, the parties would be compelled to engage in extensive further discovery. This would include depositions of the named Plaintiffs as well as other home inspectors and their supervisors in While Plains. And, unlike in many wage-and-hour cases, there would also likely be non-trivial document and electronic discovery, as both sides sought to establish, through discovery, what was said in internal emails, texts and chats about lunch breaks for CVR's home inspectors, and as both sides sought GPS data from the home inspectors' cell phones to establish the home inspectors' actual work hours and work locations. At the close of discovery, both sides

would likely move for summary judgment on liability as to whether the Named Plaintiffs were "manual workers" entitled to weekly pay under NYLL.

A trial would involve testimony by many witnesses, as the parties sought to establish CVR's policies on lunch breaks from the testimony of many current and former home inspectors. By settling now, the parties avoid all those costs of litigation.

***Factor 3: The parties face serious litigation risks if litigation proceeds.*** The parties face very real risks if litigation continues. Both sides face risks from the factual issues concerning CVR's policies around lunch breaks, where the evidence was hotly contested. Defendant has produced electronic records purportedly showing the named Plaintiffs clocking themselves out for lunch, and Defendant asserts that it has proof that the named Plaintiffs intentionally engaged in "time theft;" Plaintiffs have obtained declarations from witnesses who testify that CVR had internal policies at CVR to punish home inspectors who failed to clock themselves out for lunches they did not take. Also, both sides face legal risks concerning whether the named Plaintiffs were "manual workers" entitled to weekly pay under NYLL, including the prospect of hard-fought and uncertain motions for summary judgement on that issue.

***Factors 4 and 5. The settlement was negotiated at arm's length by experienced counsel, without risk of fraud or collusion:*** All parties have been represented by experienced by counsel with decades of experience in litigation. The settlement was reached after all parties had full access to the available time and pay records, and after months of discussions, including mediation before Edward J. Phillips, Esq., of Keane & Beane P.C., an experienced mediator appointed by the SDNY mediation office. The issues in dispute have been vigorously contested, and there is no risk of fraud or collusion.

***No factors weigh against approval:*** *Wolinsky* also lists several factors that can weigh against approval. 900 F. Supp. 2d at 336. None militate strongly against approval here, however. In particular, over the last year CVR has produced exhaustive payroll records without objection, and has installed new supervisors over its home inspectors based out of White Plains; Plaintiff Grullon, who remains employed at CVR, reports that many of his previous concerns about pay practices have since resolved and that no retaliation has occurred against him based on his participation in this lawsuit. There is no

reason to believe an FLSA violation will recur, nor that the development of the law in general would benefit from not approving this settlement at this time. While this action was brought as a putative collective and class action, given CVR's evident ability to engage with current employees who have wage-and-hour concerns without retaliation, there is no reason for the Court to delay or deny settlement here, out of concern for other home inspectors who may in the future feel they are owed wages.

***The Attorney's Fees Are Reasonable:*** The proposed settlement provides for the $402 in costs and $7,366 in attorneys fees to be paid to our firm, Granovsky & Sundaresh PLLC, as counsel for the Plaintiffs in this matter. The Plaintiffs engaged our firm to litigate this matter on a contingency-fee basis, pursuant to which our firm would receive one-third of any net recovery ultimately obtained.

Alexander Granovsky and Benjamin Rudolph Delson have been the attorneys with principal responsibility for this matter. Mr. Granovsky's top hourly rate for Granovsky & Sundaresh PLLC clients is $475 per hour. Mr. Granovsky is a co-founder of Granovsky & Sundaresh PLLC, a law firm that since 2009 has provided a full suite of employment law services, with a focus on vindicating the rights of employees. Mr. Granovsky has been a member of the New York bar since 2003 and a member of the Ohio bar since 2015.

Mr. Delson's top hourly rate for Granovsky & Sundaresh PLLC clients is $415 per hour, which the firm often discounts to $385 per hour for large matters. Mr. Delson has practiced law in New York since 2003 and is also a member of the bar in Ohio and California. Since 2017, when he joined Granovsky & Sundaresh PLLC, he has exclusively practiced employment law. In 2023, he was the lead attorney for the plaintiffs in *Chowdhury et al. v. Raja 786 Food Inc.*, No., 20-cv-04235 (E.D.N.Y.), where he represented a class of more than 700 employees of six Domino's Pizza franchises in the settlement of their wage-and-hour claims, and he was the lead attorney for the plaintiffs in *Johnson et al. v. Body & Pole Inc.*, No. 22-CV-00857 (S.D.N.Y), where he represented a class of more than 100 interns at a pole dancing studio in Manhattan in the settlement of their wage-and-hour claims.

We believe that, in light of their experience, $385 per hour for Mr. Delson's time and $475 per hour for Mr. Granovsky's time are reasonable rates in this district. *Cf. Ramirez v. Marriott Int'l*, No. 20-CV-02397, 2023 U.S. Dist. LEXIS

40888, at *11 (S.D.N.Y. Mar. 10, 2023) (Halpern, D.J.) (noting, in wage-and-hour litigation, $500/hr. for partners and $300-$50/hr. for other attorneys is reasonable in this district.)

Attached as **Exhibit 2** are contemporaneous records of the time Granovsky & Sundaresh attorneys have spent on this matter. Through June 21, 2023 (when the parties began drafting this letter), Mr. Delson spent 59.1 hours on this matter and Mr. Granovsky spent 11.1 hours on this matter.

At $385 per hour for 59.1 hours of Mr. Delson's time and $475 per hour for 11.1 hours of Mr. Granovsky's time, the lodestar amount would come to $28,026.00. The total attorney's fees provided by the settlement, $7,366.00, are substantially less than the lodestar amount. Because "there is a strong presumption that the 'lodestar' amount—that is, the number of attorney hours reasonably expended times a reasonable hourly rate—represents a reasonable fee," *Wolinsky*, 900 F. Supp. 2d at 336-37, we submit that the attorney's fees proposed in the proposed settlement are reasonable.

We hope the Court will let us know if there is anything we can provide to help expedite its review of this letter. On behalf of all parties, we respectfully request that the Court approve the settlement.

Respectfully submitted,

By: */s/ Benjamin R. Delson, Esq.*
    Granovsky & Sundaresh PLLC
    48 Wall Street, 11th Floor
    New York, NY 10005
    (646) 524-6001
    *Attorneys for Plaintiffs*

By: */s/ Brian S. Gitnik, Esq.*
    Litchfield Cavo LLP
    420 Lexington Avenue, Ste 2104
    New York, NY 10170
    (212) 792-9772
    *Attorneys for Defendants*